**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TIMOTHY A. DAY,

    Petitioner,

v.                                               CASE NO:  8:06-CV-1554-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

    THIS CAUSE comes before the Court upon Petitioner's Motion for Leave to Obtain Counsel, Depositions, and Discovery (Dkt. #7). Timothy Day (hereinafter "Day") previously filed a §2255 motion to vacate his sentence. He now seeks the appointment of counsel to take discovery to support the assertions made in his §2255 petition.

    Rule 6(a) of the Rules governing §2255 cases and the United States District Court provides that a party may invoke the processes of discovery if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise. At this point, Day has failed to demonstrate good cause to conduct discovery.

    As to Day's request for appointment of counsel, there is no automatic constitutional right to legal representation in federal habeas corpus proceedings. Hooks v. Wainwright, 775 F.2d 1433 (11th Cir. 1985). Day has not demonstrated that appointment of counsel is necessary at this stage of these proceedings. In the event that the Court decides that an

evidentiary hearing is required in this matter, it will notify Day of that decision, and an attorney will be appointed to represent him if he meets the criteria found at 18 U.S.C. §3006A. See 28 U.S.C. §2255.

It is therefore ORDERED AND ADJUDGED that Days' Motion for Leave to Obtain Counsel, Depositions, and Discovery (Dkt. #7) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on November 13, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel/Parties of Record

*F:\Docs\2006\06-cv-1554.order*